UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

GERSON FABIAN
CARDENAS-ZAMBRANO,

     Petitioner,

v.

MARKWAYNE MULLIN, et al.,[1]

     Respondents.

No. 6:26-CV-121-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Gerson Fabian Cardenas-Zambrano, a native and citizen of Ecuador, is one such alien, having illegally entered the United States two years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Cardenas-Zambrano are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

---

[1] Markwayne Mullin, the United States Secretary of Homeland Security, is automatically substituted for his predecessor, Kristi Noem. *See* Fed. R. Civ. P. 25(d).

Because the facts and legal arguments presented in this petition are indistinguishable from those recently addressed by the Court in many prior cases, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus. 28 U.S.C. § 2243.[2]  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition (Dkt. No. 1) is denied.

### 1.    Background

In 2024, Cardenas-Zambrano was apprehended while illegally crossing into the United States via the southern border.  Dkt. No. 1 ¶ 2.  Amidst a wave of illegal entries and a resulting lack of space to hold detainees, immigration officials released Cardenas-Zambrano into the United States on his own recognizance.[3]  *Id.*  At the same time, he was placed into removal proceedings for having entered the United States without being admitted or paroled and for not possessing valid immigration documents.  *Id.* ¶¶ 3, 5 (citing 8 U.S.C. § 1182(a)(6)(A)(i), (a)(7)(A)(i)(I)).  Two years later, in February 2026, Cardenas-Zambrano was re-detained by U.S. Immigration and Customs Enforcement.  *Id.* ¶ 4.  He is currently detained without bond at the Eden Detention Center in Eden, Texas.  *Id.* ¶ 1.

It is not clear whether Cardenas-Zambrano has sought a bond hearing from an immigration judge.  Even so, immigration judges are bound by the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado* to deny such requests for lack of jurisdiction.

---

[2] *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

[3] Cardenas-Zambrano's release on recognizance was not a form of admission.  *See Goyo Martinez*, 2026 WL 114418, at *3–4, 7.

29 I. & N. Dec. 216 (BIA 2025). That is because *Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. *Id.* at 220.

Because no immigration judge will grant bond, Cardenas-Zambrano seeks a writ of habeas corpus. Dkt. No. 1. The petition states a single claim for relief: detaining Cardenas-Zambrano without bond allegedly violates his procedural due process rights. *Id.* ¶¶ 47–52.

## 2. Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## 3. Analysis

Cardenas-Zambrano argues that the government's refusal to provide a bond hearing violates his procedural due process rights. Dkt. No. 1 ¶¶ 27–46. The Court has repeatedly rejected identical due process arguments. *See supra*, note 1. But because *Buenrostro-Mendez* did not directly address this question, the Court turns to Cardenas-Zambrano's arguments to

determine whether mandatory detention without bond violates the Due Process Clause.[4] The answer is no.

Cardenas-Zambrano seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 ¶¶ 29–46. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7 (N.D. Tex. Dec. 30, 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien

---

[4] Cardenas-Zambrano does not raise a statutory challenge, likely because it is foreclosed by binding precedent. *See* Dkt. No. 1 ¶ 27; *Buenrostro-Mendez*, 166 F.4th at 498.

denied entry is concerned.") (quotation omitted)). Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Cardenas-Zambrano has "only those rights regarding admission that Congress has provided by statute." *Id.* at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018). No part of the statute "says anything whatsoever about bond hearings." *Id.* Thus, Cardenas-Zambrano is not entitled to a bond hearing as a matter of procedural due process.[5]

## 4.    Conclusion

In short, Cardenas-Zambrano, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. The Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

---

[5] A substantive due process claim fares no better. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12.

So ordered on April 22, 2026.

                                                                   _____

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE